JOHN BERKLEY, Plaintiff in Error,

*vs.*

DORCAS JOHNSON, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

In justices' courts, by appearing and pleading the general issue, the defendant waives all defects in the process, and every variance between the writ and declaration.

In justices' courts, formal declarations are not required; a statement of the cause of action for work and labor, and filing a bill of particulars, is sufficient, and after pleading the general issue it is too late to object to a variance between the writ and declaration.

THIS was an action of assumpsit commenced by the defendant in error, against the plaintiff in error, before a justice of the peace.

The summons required the plaintiff in error to appear before the justice on the 20th day of December, at one o'clock P. M., to answer unto Dorcas Johnson " in a plea of debt."

On the return day the parties appeared. The plaintiff stated her cause of action, for work and labor, $13, and filed a bill of particulars. The defendant pleaded the general issue, and asked for an adjournment for one week, which was granted.

On the adjourned day the parties appeared, when the defendant moved for a nonsuit; 1st, on the ground that the plaintiff had not declared in such a manner as to entitle her to recover, and 2d, that the summons required the defendant to appear and answer the plaintiff in a plea of debt, whereas an action of debt did not lie in such a case. The justice amended the writ by inserting the words "plea of promise," to which the defendant objected. The case then proceeded to trial, when the defendant left the court. The justice rendered judgment in favor of the plaintiff for $13 damages, and costs.

The cause was afterwards removed to the circuit by certiorari, when the judgment of the justice was affirmed, to reverse which, this writ of error is sued out.

*Knowlton, Knapp & Frink,* for the plaintiff in error.

*Vilas, Rays & Pinney,* for the defendant in error.

*By the Court,* SMITH, J.   The amendment made by the justice, even if the same had been necessary, was properly made.   It could not, by any possibility, work any injury to the defendant. He complained of no surprise, but pleaded the general issue, and on his application the cause was continued one week.

The docket of the justice shows a sufficient statement of the cause of action.   It was "for work and labor," and the bill of particulars was filed.   This was sufficient to inform the defendant of the nature of the plaintiff's demand, as is quite apparent from his pleading the general issue, and asking the adjournment. On the adjournment day he appeared, not to defend the suit upon its merits, but to interpose technical objections to the plaintiff's recovery.   He was simply "too late."

Judgment of the court below affirmed, with costs.